## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

TONI R. LOWERY,                    )
                                   )
              Movant,              )
                                   )
v.                                 )          CV421-006
                                   )          CR419-066
UNITED STATES OF AMERICA,          )
                                   )
              Respondent.          )

## REPORT AND RECOMMENDATION

Toni R. Lowery pleaded guilty to a single count of conspiracy to possess with intent to distribute, and to distribute, 5 grams or more of methamphetamine.  *See* doc. 666 at 7 (Judgment).[1]  She was sentenced to 65 months of imprisonment and a five-year term of supervised release.  *See id.* at 1-2.  She filed the instant motion to vacate her sentence, pursuant to 28 U.S.C. § 2255, asserting that her counsel provided ineffective assistance.  *See* doc. 725.  The Government has moved to dismiss Lowery's Motion.  *See* doc. 785.  When Lowery failed to respond to the Government's Motion to Dismiss, the Court directed her to show cause why her Motion should not be dismissed for her failure to

---

[1]  The Court cites to the criminal docket in case CR419-066 unless otherwise noted.

1

prosecute. *See* doc. 790. The deadline for her to respond to that Order has passed with no response, *see generally* docket, and the Court's Order has also been returned by the United States Post Office as undeliverable, *see* doc. 791 at 1.

This Court has the authority and responsibility to manage its docket. Pursuant to that authority, a district court may dismiss a movant's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).[2] *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006). A § 2255 movant's failure to prosecute warrants dismissal under Rule 41. *See Hawthorne v. United States*, 2022 WL 3099271, at *2 (11th Cir. Aug. 4, 2022) ("The district court did not abuse its discretion by dismissing without prejudice Hawthorne's § 2255 motion under Rule 41(b) for failure to prosecute and to comply with the court's order." (citation omitted)). Additionally, this Court's Local Rules provide that the Court may dismiss

---

[2] Pursuant to Rule 12 of the Rules Governing Section 2255 Proceedings, the Federal Rules of Civil Procedure may apply, to the extent that they are not inconsistent with the Section 2255 Rules.

an action for want of prosecution when a party has "willful[ly] disobe[yed] . . . any order of the Court" or for "[a]ny other failure to prosecute a civil action with reasonable promptness." S.D. Ga. L.R. 41.1(b), (c).  Finally, the Post Office's return of the prior Order indicates that Lowery has failed to keep the Court apprised of her current address, in violation of the Local Rules.  *See* S.D. Ga. L. Civ. R. 11.1

Since Lowery has failed to respond to the Motion to Dismiss and has failed to comply with the Court's Order and the Local Rules, her Motion, doc. 725, should be **DISMISSED without prejudice**.  *See, e.g., Brown v. United States*, 2022 WL 4073343, at *2-*3 (S.D. Ga. Sept. 2, 2022), *adopted* 2022 WL 5237375 (S.D. Ga. Oct. 5, 2022).  Civil action CV421-006 should be **DISMISSED** in its entirety.  Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant")
(emphasis added).

This report and recommendation (R&R) is submitted to the district
judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and
this Court's Local Rule 72.3. Within 14 days of service, any party may
file written objections to this R&R with the Court and serve a copy on all
parties. The document should be captioned "Objections to Magistrate
Judge's Report and Recommendations." Any request for additional time
to file objections should be filed with the Clerk for consideration by the
assigned district judge.

After the objections period has ended, the Clerk shall submit this
R&R together with any objections to the assigned district judge. The
district judge will review the magistrate judge's findings and
recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are
advised that failure to timely file objections will result in the waiver of
rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 25th day of January, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA